# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| SOUTHERN AGCREDIT FLCA, § | | PLAINTIFF |
| f/k/a LAND BANK SOUTH FLCA § | | |
| § | | |
| v. § | | Civil Action No. 1:09cv337HSO-JMR |
| § | | |
| WILLIAM M. ADKINSON § | | DEFENDANT |

## MEMORANDUM OPINION AND ORDER DENYING
## PLAINTIFF'S MOTIONS FOR SUMMARY JUDGMENT

BEFORE THE COURT are a Motion for Summary Judgment [21-1] and an Amended Motion for Summary Judgment [26-1] pursuant to FED. R. CIV. P. 56, filed on January 14, 2010, and February 19, 2010, respectively, by Southern AgCredit, formerly known as Land Bank South, FLCA ["Plaintiff"]. William M. Adkinson ["Defendant"], responded to the Amended Motion on March 12, 2010 [28-1], and Plaintiff filed a Rebuttal on March 15, 2010 [30–1]. In addition, pursuant to the Court's Order [31-1] dated June 7, 2010, Plaintiff filed a Supplemental Brief [32-1] in support of its Amended Motion for Summary Judgment. After due consideration of the Motion, Amended Motion, Response, Rebuttal, Plaintiff's supplementation, the pleadings on file, the record, and the relevant law, it is the opinion of the Court that Plaintiff's Motion and Amended Motion for Summary Judgment should be denied, as there are disputed issues of material fact surrounding the fair market value of the properties in question and therefore the commercial reasonableness of the sales of those properties, which cannot be resolved at this stage of the proceedings.

I. FACTS AND PROCEDURAL HISTORY

Plaintiff filed a Complaint on Unconditional Guaranties against Defendant on February 20, 2009, in the Circuit Court of Stone County. Plaintiff sought judgment for: (1) the amounts set forth in four separate unconditional guaranty agreements; (2) the *per diem* interest for the period between August 13, 2008, and through the date of judgment; (3) costs, expenses, and attorneys' fees as provided in the guaranty agreements; and (4) post-judgment interest. Defendant filed a Notice of Removal in this Court on June 4, 2009,[1] pursuant to 28 U.S.C. §§ 1441 and 1446, asserting jurisdiction on the basis of diversity of citizenship.

The facts surrounding Plaintiff's Complaint involve four separate Promissory Notes executed by and on behalf of four different investment groups: (1) the first, in the amount of $6,000.000.00, was executed on November 17, 2006, by Mississippi Investors VII, LLC ["VII note"]; (2) the second, in the amount of $9,000,000.00, was executed on September 27, 2006, by Mississippi Investors VIII, LLC ["VIII note"]; (3) the third, in the amount of $1,438,000.00, was executed on August 28, 2006, by Mississippi Investors X, LLC ["X note"]; and (4) the fourth, in the amount of $2,116,000.00, was also executed on August 28, 2006, by Mississippi Investors XIV, LLC ["XIV note"]. Each Note was secured by a separate parcel of real property.

---

[1] The record reflects that Defendant was served with a Summons and Complaint on May 4, 2009, and as such Defendant's Notice of Removal was timely pursuant to 28 U.S.C. § 1446(a).

Defendant signed four separate personal guaranties, each entitled "Unconditional Agreement of Guaranty," in conjunction with each of the aforementioned Promissory Notes. Each of the guaranties, obligated Defendant to pay Plaintiff in the event default should occur. Eventually, all four Mississippi Investor groups defaulted on their respective Notes, and each filed for bankruptcy protection. On January 14-15, 2010, following a partial lifting of the automatic stay, the Bankruptcy Trustee sold the collateral which secured Defendant's guaranty obligations under Notes VII, X, and XIV. Plaintiff purchased the three properties securing these Notes at foreclosure sales, and now pursues a deficiency judgment against Defendant on the basis of his guaranties. At present, the collateral securing Note VIII remains part of the bankruptcy proceedings, and has not been sold. Plaintiff now moves this Court to enter judgment in the amount of $5,519,816.42, for the deficiencies owed as to all four Notes, VII, VIII, X, and XIV. Plaintiff also seeks costs, attorneys' fees, and post-judgment interest incurred in connection with recovering the deficiencies.

## II. DISCUSSION

A.  Applicable Legal Standard

Rule 56(c) of the Federal Rules of Civil Procedure states that the judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a moving party is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56. The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *See*

*Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Meyers v. M/V Eugenio C.*, 842 F.2d 815, 816 (5th Cir. 1988).

To rebut a properly supported motion for summary judgment, the opposing party must present significant probative evidence, since there is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. *See Booth v. Wal-Mart*, 75 F. Supp. 2d 541, 543 (S.D. Miss. 1999). If the evidence is merely colorable, or is not significantly probative, summary judgment is appropriate. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The nonmovant may not rely on mere denials of material facts, nor on unsworn allegations in the pleadings or arguments and assertions in briefs or legal memoranda. *See Booth,* 75 F. Supp. 2d at 543.

Because this is a case of diversity jurisdiction, the Court must apply state substantive law. *See Erie R. Co. v. Tompkins*, 304 U.S. 64, 79-80 (1938); *Krieser v. Hobbs*, 166 F.3d 736, 739 (5th Cir. 1999).

> The core of what has become known as the '*Erie* Doctrine' is that the substantive law to be applied by a federal court in any case before it is state law, except when the matter before the court is governed by the United States Constitution, an Act of Congress, a treaty, international law, the domestic law of another country, or in special circumstances, by federal common law.

*Hanley v. Forester*, 903 F.2d 1030, 1032 (5th Cir. 1990).

B. <u>Plaintiff's Claims Regarding Notes VII, X, and XIV</u>

Plaintiff moves for summary judgment on the grounds that the sales of the properties securing Notes VII, X, and XIV were commercially reasonable and, as such, it is entitled to recover a deficiency judgment for the amounts requested in the

Complaint. Defendant responds that the fair market value of the properties is a disputed question of fact, such that the ultimate determination of commercial reasonableness must be resolved by the trier of fact. Plaintiff counters that the adequacy of the properties' purchase prices is the gauge by which this Court should resolve this matter, and that the determination of the adequacy of the purchase price is a legal question for the Court.

In determining the reasonableness or validity of a foreclosure sale, Mississippi law governs. *See United States v. Irby,* 618 F.2d 352, 355 (5th Cir. 1980).

> Relying upon an evolved line of precedents, the Court in *Wansley* announced, "[c]ommercial reasonableness has become our touchstone." *Wansley*, 566 So. 2d at 1224. "Every aspect of the sale, including the method, advertising, time, place and terms, must be commercially reasonable." *Wansley*, 566 So. 2d at 1225. "For deficiency judgment purposes ... 'the legal determination of the adequacy of the purchase price <u>depends upon</u> establishment of fair market value.'" *Wansley*, 566 So. 2d at 1224; *citing Haygood v. First National Bank of New Albany*, 517 So. 2d 553 (Miss. 1987).

*LOL Finance Co. v. Easy Money Catfish Co.,* 2009 WL 3297046, *3 (N.D. Miss. 2009)(emphasis added).

The Mississippi Supreme Court has held that "fair market value is defined as 'the amount at which property would change hands between a willing buyer and a willing seller, neither being under any compulsion to buy or sell and both having reasonable knowledge of the relevant facts.'" *Hartman v. McInnis*, 996 So. 2d 704, 711 (Miss. 2007)(*quoting* Black's Law Dictionary 414 (6th ed.1991)). Determination of the fair market value is a question for the trier of fact. *Id.*

Plaintiff relies on *Wansley* for the proposition that, absent any irregularity in the conduct of the foreclosure sale, it "may not be set aside unless the sales price is so inadequate as to shock the conscience of the Court or to amount to fraud." *Wansley v. First Nat.'l Bank of Vicksburg*, 566 So. 2d 1218, 1224 (Miss. 1990). While determination of the adequacy of the purchase price may itself be a legal question, a reading of *Wansley* and the more recent decision in *Hartman,* together with other Mississippi case law on the subject, leads this Court to conclude that fair market value must be established as a condition precedent to determining the adequacy of the purchase price. Absent resolution of this question, a deficiency judgment cannot be calculated accurately. As noted above, the law is clear that the determination of fair market value is a question of fact. *See, e.g., Hartman,* 996 So. 2d at 711.

The record reflects that the loans in question were made in 2006. The three foreclosed properties upon which Plaintiff bases its claims were sold in 2010. The most recent appraisals for the properties sold appear to have been conducted in 2008. *See* Ex. "N" at pp. 28-48, att. to Pl.'s Am. Mot. for Summ. J. While there is other evidence in the record on the question of the properties' fair market value which might prove sufficient to persuade a trier of fact at trial, the evidence is insufficient to carry Plaintiff's summary judgment burden of demonstrating that there is no genuine dispute of material fact as to the fair market value at or near the time of the actual sale. This dispute requires resolution by the trier of fact before any attempt can be made to calculate a deficiency judgment. Summary judgment is therefore not appropriate.

C.  Plaintiff's Claim Regarding Note VIII

The collateral securing Note VIII remains part of the ongoing bankruptcy proceedings and Plaintiff is receiving adequate protection payments in connection with this Note. While Defendant himself is not the debtor in those proceedings, the underlying property which would be the basis for calculating any deficiency judgment is subject to the automatic stay. The trier of fact would be left to speculate on its fair market value, as there has not been a sale. Therefore, the amount of a deficiency judgment is unquantifiable. Indeed, whether a deficiency even exists is likewise speculative at this stage of the proceedings. To the extent Plaintiff seeks summary judgment on any claim related to this Note, it is likewise not supported by sufficient summary judgment evidence. Nor has Plaintiff persuaded the Court that there are no genuine disputes of fact or that Plaintiff is entitled to judgment as a matter of law, as to the alternative method of recovery sought on this guaranty based upon the "specified percentage" allegedly owed.

## III. CONCLUSION

The summary judgment evidence submitted reveals that there are questions of material fact, including but not limited to the fair market value of the collateral which secured Notes VII, X, XIV, as well as Note VIII. These questions must be resolved by the trier of fact before any determination can be made as to the commercial reasonableness of the sales or the amounts owed on the guaranties. Therefore, Plaintiff is not entitled to judgment as a matter of law.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, for the reasons stated more fully herein, Plaintiff's Motion for Summary Judgment [21-1] and Amended Motion for Summary Judgment [26-1], filed on January 14, 2010, and February 19, 2010, respectively, should be and hereby are **DENIED.**

**SO ORDERED AND ADJUDGED**, this the 16th day of July, 2010.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE